JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Samaritan Page ("appellant"), appeals his sentences and convictions. For the reasons set forth below, we affirm.
 {¶ 2} On March 20, 2007, the Cuyahoga County Grand Jury indicted appellant on six counts: count one charged felonious assault, in violation of R.C. 2903.11(A)(1); count two charged felonious assault, in violation of R.C. 2903.11(A)(2); count three charged endangering children, in violation of R.C. 2919.22(B)(2); count four charged endangering children, in violation of R.C. 2919.22(B)(1); count five charged endangering children, in violation of R.C. 2919.22(B)(3); and count six charged endangering children, in violation of R.C. 2919.22(A). Appellant pled not guilty to all charges in the indictment.
 {¶ 3} Initially, appellant was represented by retained counsel, but on May 23, 2007, appellant was found indigent and new counsel was appointed. Appointed counsel attended numerous pretrials on behalf of appellant, filed discovery requests and met with appellant at counsel's office.
 {¶ 4} On August 20, 2007, appellant notified the court that he intended to plead guilty to the charges of felonious assault in count one and endangering children in count six. In return, the state agreed to nolle counts two, three, four and five in the indictment. Prior to accepting appellant's guilty pleas, the prosecution and the court informed appellant of the charges against him as a result of the plea agreement and the possible sentences attributable to those charges. Additionally, *Page 2 
the trial court informed appellant of the constitutional rights waived as a result of plea agreement. Thereafter, the court accepted appellant's pleas of guilty to felonious assault as charged in count one and endangering children as charged in count six.
 {¶ 5} On September 20, 2007, the trial court sentenced appellant to two years imprisonment on each of counts one and six with the counts to run concurrently to each other.
 {¶ 6} Appellant now appeals and asserts two assignments of error for our review. His first assignment of error states:
 {¶ 7} "Samaritan Page did not receive effective assistance of counsel."
 {¶ 8} Appellant argues that he received ineffective assistance of counsel because appointed counsel did not regularly communicate with him, that counsel did not inform appellant of the possible sentences as a result of the plea agreement, and that counsel was unresponsive to appellant's need for clarification. Appellant, however, has presented no evidence in the record to substantiate these assertions. In fact, at the trial court level, there was no objection by appellant regarding his attorney's representation. Additionally, a review of the transcript indicates that counsel was routinely available to appellant and appellant was repeatedly informed of the potential sentences he faced prior to pleading guilty to the charges.
 {¶ 9} In order to demonstrate ineffective counsel, a defendant must show, not only that his counsel's representation was deficient, but also that the deficient *Page 3 
performance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment."Strickland, supra, at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."State v. Bradley, supra, at paragraph two of the syllabus; see, also,Strickland, supra, at 687.
 {¶ 10} A defendant has the burden of proving ineffective assistance of counsel and there is a strong presumption that a properly licensed trial counsel rendered adequate assistance. State v. Smith (1985),17 Ohio St.3d 98, 100, 477 N.E.2d 1128. As the Strickland Court stated, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, supra at 689; see, also, State v.Hamblin (1988), 37 Ohio St.3d 153, 524 N.E.2d 476.
 {¶ 11} A review of the record indicates that appointed counsel did routinely communicate with appellant. Appointed counsel attended numerous pretrials with appellant on May 23, 2007, June 11, 2007, July 11, 2007, July 16, 2007, July 18, *Page 4 
2007, and August 8, 2007. Additionally, during sentencing, counsel informed the court that appellant had appeared at his office on numerous occasions, also indicating communication on a regular basis. Finally, appointed counsel filed multiple discovery requests on behalf of appellant. We find the record indicates appointed counsel adequately communicated with appellant.
 {¶ 12} We also find appellant's accusations that he was not informed of the possible sentences he faced as a result of the plea agreement without merit. On the day of the plea hearing, the prosecution initiated the hearing by informing the court, with appellant and his counsel present, of the charges in the indictment in which appellant intended to plead guilty and the possible sentences attributable to those charges. More specifically, the prosecution informed the court of the following:
 {¶ 13} "Your Honor, in case 493681 the defendant Page is charged in a six count indictment. Count one is for felonious assault. That's a felony of the second degree, punishable by 2 to 8 years and fines up to $10,000. Count number six is endangering children, felony of the third degree, punishable by 1 to 5 years in prison, and a fine of up to — the felony two is 15,000. Judge, and so count one is punishable by 2 to 8 years and the fine, and count six is 1 to 5, and fine up to 10,000."
 {¶ 14} The court then inquired whether appellant understood "everything that was said by the prosecutor and your counsel?" Appellant responded, "Yes." *Page 5 
Additionally, the trial court asked, "Has anybody made any threats or promises to you with regards to what sentence you would receive if you change your plea in this matter?" Appellant responded by stating, "No." Moreover, the trial court also informed appellant of the potential sentences he faced by pleading guilty to the charges of felonious assault and endangering children.
 {¶ 15} The record demonstrates that, prior to accepting appellant's pleas of guilty, the state and the trial court informed appellant of the possible sentences he faced as a result of the plea agreement. Accordingly, we find appellant's argument in this regard without merit. Hence, appellant's first assignment of error is overruled.
 {¶ 16} Appellant's second assignment of error states:
 {¶ 17} "The Trial Court's Sentence was Statutorily Improper."
 {¶ 18} Within this assignment of error, appellant argues that the trial court failed to consider the overall purposes of sentencing pursuant to R.C. 2929.11 as well as the factors relating to the seriousness of the offense and recidivism of the offender under R.C. 2929.12. We find appellant's argument without merit.
 {¶ 19} Since the Supreme Court of Ohio's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, judicial fact-finding is no longer required before the court may impose a non-minimum, maximum or consecutive sentence. Id. at paragraphs one and three of syllabus. Consequently, trial courts now possess "full discretion to impose a prison sentence within the statutory range and are no *Page 6 
longer required to make findings or give their reasons for imposing [such sentences]." Id. at paragraph seven of the syllabus; see, also,State v. Mathis, 109 Ohio St.3d 54, 61-62, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. In exercising its discretion, "the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purpose of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." Mathis, supra at 62. These statutes do not mandate judicial fact-finding. Foster, supra at 14. Rather, the sentencing court must merely "consider" the statutory factors. Id.
 {¶ 20} Therefore, post Foster, R.C. 2929.11 and R.C. 2929.12 remain operative and we review challenges made pursuant to these statutes under a de novo standard. Mathis, supra; State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836. Furthermore, in reviewing said sentences, "[t]here is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them." State v.Goggans, Delaware App. No. 2006-CA-07-0051, 2007-Ohio-1433 (citations omitted). The court need not proffer its reasoning for the imposed sentence where the record sufficiently warrants such a sentence. Id., citing State v. Middleton (Jan. 15, 1987), Cuyahoga App. No. 51545. Therefore, we will uphold a sentence on appeal unless it is clear and convincing the record does not support the sentence or it is contrary to *Page 7 
law. Id.; R.C. 2953.08(G)(2).
 {¶ 21} A thorough review of the record before us does not clearly and convincingly establish that appellant's sentence is unsupported by the record or contrary to law. First, the trial court noted that, while appellant maintained that he was merely disciplining his 12 year-old child, the photographs of the injuries indicated a "beating." Additionally, the trial court commented on appellant's numerous previous arrests for domestic violence. The presentence investigation report indicates that appellant had over eight arrests for domestic violence since 1995. The court also mentioned a not guilty finding in a felonious assault charge that accompanied domestic violence charges in 2001, as well as a nolled aggravated burglary charge. The wife informed the court that the domestic violence arrests did not result in convictions because she never pursued the charges against appellant. Moreover, the trial court observed that appellant failed to take responsibility for his actions. Finally, the trial court remarked that appellant needed to be punished for his behavior and that the court hoped appellant could be rehabilitated. After reviewing the record, we find the trial court considered R.C. 2929.11 and R.C. 2929.12 when it imposed appellant's sentences. Thus, the sentences are supported by the record and not contrary to the law.
 {¶ 22} Also, within this assignment of error, appellant argues that the trial court erred in considering prior allegations of crimes in which appellant was never *Page 8 
convicted. The court referred to numerous domestic violence arrests, a not guilty finding of aggravated burglary, as well as a nolled charge of felonious assault. The Supreme Court of Ohio, in State v. Burton (1977),52 Ohio St.2d 21, 368 N.E. 2d 297, found that a trial court may consider prior arrests in determining the appropriate sentence for a defendant. Id. at 23. More specifically, the court stated:
 {¶ 23} "Furthermore, it is well-established that a sentencing court may weigh such factors as arrests for other crimes. As noted by the Second Circuit United States Court of Appeals, the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant: To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions.' United States v. Doyle (C.A. 1965),348 F.2d 715, 721, certiorari denied 382 U.S. 843 (1965); United States v.Metz (C.A. 3, 1972), 470 F.2d 1140, certiorari denied 411 U.S. 919
(1973)."
 {¶ 24} Accordingly, the trial court did not error in considering prior allegations of crimes in which appellant was never convicted. Consequently, we find appellant's second assignment of error without merit.
 Judgment affirmed. *Page 9 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1