JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Steve Nolan (Nolan), appeals from the judgment of the Cuyahoga County Court of Common Pleas that resentenced him following remand by this court. For the reasons set forth below, we affirm the trial court's order.
 {¶ 2} Nolan was indicted on March 24, 2005, for attempted kidnapping in violation of R.C. 2923.02 and 2905.01, a felony of the second degree. The matter proceeded to a jury trial, at which Nolan was found guilty as charged. After a presentence investigation was completed, Nolan was sentenced to four years of imprisonment. The sentence included three years of postrelease control.
 {¶ 3} On May 3, 2006, Nolan appealed various aspects of the underlying proceeding and conviction. The assignments of error were overruled except for the seventh assignment challenging his sentence. This court reversed Nolan's original sentence as the trial court had sentenced him pursuant to R.C. 2929.14(B), a statute which was excised from Ohio's statutory sentencing scheme by the Ohio Supreme Court in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In our opinion of March 22, 2007, we vacated the sentence and remanded the matter for resentencing. See State v. Nolan, Cuyahoga App. 88111, 2007-Ohio-1299.
 {¶ 4} On October 9, 2007, the trial court resentenced Nolan and imposed the same sentence: four years of imprisonment, with the addition of three years of postrelease control.
 {¶ 5} Nolan again appeals, challenging the trial court's reimposition of the four-year prison term. *Page 4 
 {¶ 6} The substance of the instant appeal is that the most recent sentence violated his right to due process of law, as it was based on impermissible judicial fact-finding. Specifically, Nolan contends that the following statement of the trial court judge at the resentencing hearing constituted prejudicial, judicial fact-finding:
 "The Court also finds in reviewing the record in this case that the victim of the offense did suffer serious emotional harm as a result of the offense in light of the facts the Court was privy to during the trial and the testimony relating thereto." (Tr. 16.)
 {¶ 7} Nolan argues that his four-year prison sentence, which is two more years than the statutory minimum, violates Foster because the trial court participated in judicial fact-finding when making the above statement regarding the traumatic effect Nolan's crime had on the seventeen-year-old victim.
 {¶ 8} This court will review a felony sentence pursuant to the two-prong standard set forth by the Ohio Supreme Court in State v.Kalish, Slip Opinion No. 2008-Ohio-4912.
 "In applying Foster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."
 {¶ 9} Nolan incorrectly argues that the effect of the Ohio Supreme Court decision in Foster is to prohibit a trial court from making any findings whatsoever. The Ohio Supreme Court in Foster held that a trial court, as opposed to a jury, cannot be required to make certain findings in order to impose more than the statutory minimum sentence. Thus, the court must merely consider the statutory factors before imposing sentence. The Foster decision in no way precludes judicial determinations at sentencing hearings, as incorrectly *Page 5 
argued by Nolan. In State v. Hairston, 118 Ohio St.3d 289,2008-Ohio-2338, the Supreme Court reiterated "[w]e have expressly held that trial courts have discretion to impose a prison sentence within the statutory range for the offense." Id. at ¶ 21, citing Foster.
 {¶ 10} After Foster,
 "[T]he trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised; nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." State v. Mathis, 109 Ohio St. 3d 54, 2006-Ohio-855, at ¶ 38.
 {¶ 11} R.C. 2929.11 provides:
 "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender * * *, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 12} In the instant case, the trial court's judgment entry of October 11, 2007, states in pertinent part: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of RC. 2929.11. The court imposes a prison sentence at the Lorain Correctional Institution of 4 year(s). Post release control is part of the prison sentence for 3 years for the above felony(s) under R.C. 2967.28."
 {¶ 13} As the trial court considered R.C. 2929.11 and 2929.12, and properly applied postrelease control and imposed a sentence within the statutory range, the sentence imposed *Page 6 
by the trial court on resentencing is not contrary to law. The trial court considered all required statutory factors, and found the prison term to be consistent with the purpose of R.C. 2929.11. Further, the court stated that it is "going to impose the sentence that the Court did determine to be reasonable previously and under the new guidelines." (Tr. 18.)
 {¶ 14} The trial court properly followed the statutory guidelines before resentencing, and the sentence imposed is within the statutory range for Nolan's offense. See State v. Goggans, Delaware App. No. 07-0051, 2007-Ohio-1433. Under Kalish, the first prong is satisfied. As the trial court's decision was not clearly and convincingly contrary to law, we next review the trial court's resentencing of Nolan under the "abuse-of-discretion-standard," the second prong of the standard set forth in Kalish.
 "An abuse of discretion is `more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157 * * *." Kalish at ¶ 10.
 {¶ 15} The sentencing transcript and the journal entry of the court reveals that the trial court considered the relevant statutory considerations set forth in R.C. 2929.11, 2929.12 and 2929.13 in resentencing Nolan. The court considered the following: statements of three community leaders regarding Nolan's work in the community, Nolan's statement, the emotional harm suffered by the victim in the case, and the criminal record of the defendant. The court also considered the fact that a jury found him guilty of his seventh felony and that there were three probation violations on two of the prior felony cases. There is nothing in the *Page 7 
record to suggest that the trial court's sentencing decision was unreasonable, arbitrary, or unconscionable.
 {¶ 16} We find Nolan's argument that his constitutional rights were violated by prejudicial, judicial fact-finding to be unfounded. Nolan's sentence was not judicially increased, nor was a new statutory maximum retroactively applied, nor did it create the possibility of consecutive sentences where none existed. See State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715. Furthermore, the Supreme Court of Ohio inKalish reiterated that R.C. 2929.11 and 2929.12 are not fact-finding statutes like R.C. 2929.14. The Supreme Court stated in Kalish, "[o]ur decision in Foster supports this conclusion because if these statutes were the equivalent of judicial-fact finding statutes, thenFoster would have declared them unconstitutional as well." Id. at ¶ 17, fn.2.
 {¶ 17} Accordingly, Nolan's sole assignment of error is overruled.
Judgment affirmed.
 It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
 COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR *Page 1