JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Vina Reed, appeals from a judgment labeling her a Tier II sex offender and sentencing her. Finding no merit to the appeal, we affirm.
 {¶ 2} In August 2007, the Grand Jury indicted Reed on 54 counts. She pled guilty to three counts of unlawful sexual conduct with a minor, felonies of the third degree, a violation of R.C. 2907.04; one count of pandering sexually-oriented matter involving a minor, a felony of the fourth degree, a violation of R.C. 2907.322(A)(5); and one count of minor in nude material or performance, a felony of the fifth degree, in violation of R.C. 2907.323(A)(1). Each count included a specification that the age difference between Reed and the victim was more than 10 years. As part of the plea agreement, all other counts were nolled.
 {¶ 3} In January 2008, the trial court sentenced Reed to four years for each count of unlawful sexual conduct with a minor, one year for pandering sexually-oriented matter involving a minor, and nine months for minor in nude material or performance, and ordered that they all be served concurrently to one another for an aggregate sentence of four years in prison. The trial court also informed Reed that she would be subject to five years of postrelease control and classified her as a Tier II sex offender under the Adam Walsh Act ("AWA"), relevant portions of which went into effect on January 1, 2008.[1] *Page 4 
 {¶ 4} It is from this judgment that Reed appeals, raising three assignments of error for review:
 {¶ 5} " [ 1.] The trial court erred in imposing a sentence requiring reporting and registering under the statute, as the requirement is an unconstitutional violation of the Fourteenth Amendment's Due Process Clause, depriving the appellant of a liberty interest' without affording her an opportunity to challenge the determination that she is or is likely to be dangerous to society.
 {¶ 6} "[2.] The trial court erred as the imposition of a sentence requiring reporting and registering under the statute, as the requirement is an unconstitutional retroactive punishment, violating the Ohio Constitution and the United States Constitution.
 {¶ 7} "[3.] The trial court abused its discretion in sentencing Appellant to four years in prison, five years of postrelease control and twenty-five years of reporting and registering obligations under the facts and circumstances of the case."
 {¶ 8} In her first and second assignments of error, Reed challenges the constitutionality of the AWA. The record reveals that Reed did not raise this issue at the trial court level. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the *Page 5 
time of trial, constitutes a waiver of such issue *** therefore it need not be heard for the first time on appeal." State v. Awan (1986), 22 Ohio St.3d 120, at the syllabus. Therefore, since Reed did not raise the constitutionality of the AWA to the trial court, we need not address it.
 {¶ 9} In her third assignment of error, Reed maintains that the trial court abused its discretion when it sentenced her to four years in prison, five years of postrelease control, and 25 years of reporting and registering. We disagree.
 {¶ 10} Appellate courts review sentences by applying a two-prong approach set forth by the Ohio Supreme Court in State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912. See State v. Nolan, 8th Dist. No. 90646,2008-Ohio-5595, _8. First, we must determine whether the sentence is clearly and convincingly contrary to law. Id. If it is not contrary to law, then we must decide if the sentencing court abused its discretion when sentencing the defendant. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 11} The trial court sentenced Reed within the statutory range for each conviction, and made them concurrent to one another, as permitted within the statutory framework. Thus, her sentence is not contrary to law.
 {¶ 12} In the sentencing entry, the trial court also noted that it considered "all required factors under law." At the hearing, it stated that it considered the *Page 6 
presentence investigation report and the mitigation of penalty evaluation. The court then informed Reed that although it was "impressed by the number of things that [she has] tried to do since the time of [her] plea," it still felt that prison was appropriate since she committed a "very serious crime." Thus, we do not find that the trial court was unreasonable, arbitrary, or unconscionable when it sentenced Reed.
 {¶ 13} Accordingly, we find that Reed's sentence was neither contrary to law nor an abuse of discretion.
 {¶ 14} With respect to five years of postrelease control and registering as a Tier II sex offender for 25 years, we find no abuse of discretion. In fact, not only did the trial court not abuse itsdiscretion, it had no discretion. Under R.C. 2950.07(B)(2), Tier II sex offenders must register every six months for 25 years. And under R.C. 2967.28(B)(1), five years of postrelease control is mandatory for a felony sex offense (felony sex offense being any violation of a felony in Chapter 2907).
 {¶ 15} Accordingly, Reed's third assignment of error is without merit.
 {¶ 16} The judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
 The Court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] All sections of S.B. 10 (Ohio's AWA) did not become effective on the same date. Sections 1 to 3 (and certain other provisions) became effective on July 1, 2007. The remaining portions (including the relevant ones here) became effective on January 1, 2008. See Am. Sub. S.B. 10, Final Bill Analysis. *Page 1