JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Jarrett Turney appeals the sentence imposed by the trial court and assigns the following error for our review:
 "The trial court erred when it did not follow the requirements of Ohio Revised Code Sections 2929.11 and 2929.12 when sentencing defendant-appellant."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Turney's sentence. The apposite facts follow.
 Factual History {¶ 3} The Cuyahoga County Grand Jury indicted Turney for four counts of endangering children involving his infant son and eighteen-month-old daughter.
 {¶ 4} Turney initially entered a not guilty plea. He later retracted his not guilty plea and entered a plea to one count of child endangerment. After obtaining a presentence investigative report and hearing testimony from Turney, his grandmother, his attorney, and the prosecutor, the trial court sentenced Turney to the maximum term of five years in prison.
 Analysis {¶ 5} In his sole assigned error, Turney argues the trial court improperly sentenced him because the court failed to consider the factors set forth in R.C. 2929.11 and 2929.12. We disagree. *Page 4 
 {¶ 6} In State v. Kalish, [1] the Supreme Court of Ohio articulated a two-step approach in reviewing felony sentences. The Court stated:
 "In applying Foster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."[2]
 {¶ 7} In determining whether the trial court imposed its sentence in accordance with law, we are mindful that the trial court has wide discretion to sentence an offender within the allowable statutory range permitted for a particular degree of offense.[3] In the instant case, the trial court sentenced Turney to five years in prison, which was within the statutory range permissible for the offense.
 {¶ 8} Turney does not dispute that the sentence imposed by the trial court fell within the statutory range for the offense of child endangerment. He argues in imposing the sentence, the trial court failed to consider the purposes of felony sentencing set forth in R.C. 2929.11
and the seriousness and recidivism factors *Page 5 
set forth in R.C. 2929.12. Although Foster no longer requires the trial court to make findings or give reasons for imposing its sentence, R.C. 2929.11 and R.C. 2929.12 remain operative.[4] However, the court is not required to make findings pursuant to R.C. 2929.11 and R.C. 2929.12; it need only consider these provisions.[5]
 {¶ 9} In the instant case, the record demonstrates that the trial court considered R.C. 2929.11 and 2929.12. The sentencing journal entry reads in part: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Therefore, the trial court properly considered R.C. 2929.11
and 2929.12.[6] Because the court imposed a sentence within the statutory range and considered R.C. 2929.11 and R.C. 2929.12 in imposing the sentence, the sentence imposed by the trial court is not contrary to law.
 {¶ 10} Next, we determine whether the trial court abused its discretion in imposing the sentence. An abuse of discretion is "more than an error of law or *Page 6 
judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[7] The record indicates that testimony was presented at the sentencing hearing, which related to the considerations set forth in R.C. 2929.11 and R.C. 2929.12. Turney, his grandmother, and Turney's attorney all testified in an attempt to mitigate his sentence, while the prosecutor presented testimony and photographs of the horrendous conditions in which the children lived and physical abuse they suffered.
 {¶ 11} Prior to imposing the sentence, the trial court stated on the record the treatment of the children was "unfathomable," "frightening," and that "wild animals take better care of their children." The trial court also stated that Turney and his girlfriend lacked empathy for the children, were selfish for leaving the children alone while pursuing sexual flings, and wrongfully blamed the children's Godmother for the children's condition. Thus, the trial court found Turney's remorse to be too little too late. The trial court also noted that Turney's juvenile record contained crimes of violence. Based on our review of the record, we conclude that the maximum sentence imposed upon Turney was neither *Page 7 
clearly and convincingly contrary to law nor was it an abuse of discretion. Accordingly, Turney's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and JAMES J. SWEENEY, J., CONCUR.
[1] 120 Ohio St.3d 23, 2008-Ohio-4912.
[2] Id. at ¶ 4. We recognize Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court is split over whether we review sentences under an abuse-of-discretion standard.
[3] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 100.
[4] State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio 855; Kalish
at ¶ 13.
[5] State v. Nolan, Cuyahoga App. No. 90646, 2008-Ohio-5595; State v.Page, Cuyahoga App. No. 90485, 2008-Ohio-4244; State v. McSwain, Cuyahoga App. No. 90358, 2008-Ohio-3661; State v. Garrett, Cuyahoga App. No. 90428, 2008-Ohio-3549.
[6] Cf. State v. Harris, Cuyahoga App. No. 90699, 2008-Ohio-5873, at ¶ 103; State v. Snyder, Cuyahoga App. No. 90869, 2008-Ohio-5586;State v. Nolan, supra (Court complied with R.C. 2929.11 and 2929.12
because journal entry stated court considered all required sentencing factors and testimony was considered at sentencing hearing.)
[7] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, quotingState v. Adams (1980) 62 Ohio St.2d 151, 157. *Page 1