JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Rodney Sistrunk, appeals from a judgment finding him guilty of possession of crack cocaine and PCP and sentencing him to one year in prison. Finding no merit to the appeal, we affirm.
 {¶ 2} On June 15, 2007, the Cuyahoga County Grand Jury indicted Sistrunk on two counts: possession of PCP, in an amount less than bulk, a violation of R.C. 2925.11(A); and possession of crack cocaine, in an amount equal to or exceeding one gram but less than five grams. Sistrunk entered a plea of not guilty to the charges, and the case proceeded to a jury trial on May 1, 2008. The following evidence was presented at trial.
 {¶ 3} Officers Anthony Lipinski and Brian Davis of the Cleveland Police Department testified for the state. On June 6, 2007, at approximately 5:30 a.m., they were dispatched to the IX Center after receiving reports of "a possible intoxicated driver." When they arrived, a Brook Park police car was parked behind a white vehicle that was stopped in the middle of an access road. The Brook Park police told the Cleveland officers that the man in the car (who was later identified as Sistrunk) had been slumped over the steering wheel and had not moved.
 {¶ 4} Officers Lipinski and Davis testified that they approached the vehicle; Officer Lipinski went to the passenger side of the car, and Officer Davis went to the driver's side. Officer Davis "smacked on the window" and Sistrunk *Page 4 
did not respond, so Officer Davis opened the driver's door. The overhead light came on in the vehicle, and both officers immediately saw a small plastic bag on Sistrunk's lap in plain view containing what appeared to be crack cocaine. At that point, Officer Davis woke up Sistrunk, got him out of the vehicle, and patted him down for officer safety. In doing so, he found a second "baggie" of what appeared to be crack cocaine in Sistrunk's front pants pocket. Officer Davis also found what appeared to be a small bag of marijuana in Sistrunk's sock. The officers then handcuffed Sistrunk and placed him in their zone car.
 {¶ 5} The officers searched the vehicle for other contraband or weapons and had the vehicle towed. They transported Sistrunk to the station and upon a routine property search, they found a cigarette in his shirt pocket that appeared to have been "dipped in PCP." Officer Davis explained that when cigarettes are dipped in PCP, they are discolored and have a very distinctive chemical smell. Although Officer Davis did not smell the PCP when he initially patted down Sistrunk, he did smell it when he discovered it during the routine inventory search.
 {¶ 6} The jury found Sistrunk guilty on both counts of drug possession. The trial court sentenced him to concurrent one-year prison terms on each count. The trial court also suspended Sistrunk's driver's license for one year and informed him that he may be subject to three years of postrelease control when he is released from prison. *Page 5 
 {¶ 7} It is from this judgment that Sistrunk appeals, raising the following four assignments of error for our review.
 {¶ 8} "[1.] Appellant's sentence is contrary to law and violative of due process because the trial court failed to consider whether the sentence was consistent with the sentences imposed for similar crimes committed by similar offenders.
 {¶ 9} "[2.] The trial court abused its discretion and violated appellant's rights to due process and meaningful appellate review when it offered no reasons for imposing its sentence.
 {¶ 10} "[3.] The conviction of appellant is against the manifest weight of the evidence.
 {¶ 11} "[4.] Mr. Sistrunk was denied effective assistance of counsel."
 Disproportionate Sentences {¶ 12} Sistrunk first argues that his sentence was not consistent with those imposed on other offenders who committed similar offenses. He argues that after State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, R.C. 2929.11(B) still requires a trial court to impose consistent sentences. We agree with Sistrunk that this provision was not held to be unconstitutional by Foster, nor was it severed by Foster. We find no merit in his contention that his sentence was disproportionate, however, for the following reasons. *Page 6 
 {¶ 13} R.C. 2929.11(B) states: "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 14} This court has held that in order to support a contention that his or her sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. State v.Breeden, 8th Dist. No. 84663, 2005-Ohio-510, _80, citing State v.Woods, 8th Dist. No. 82789, 2004-Ohio-2700, _53-54. Sistrunk did not raise this issue with the trial court, nor did he present any evidence to the trial court. Thus, there is nothing in the record to indicate that his sentence is impermissibly disproportionate to sentences imposed on similar offenders with similar offenses. Sistrunk's first assignment of error is overruled.
 Meaningful Appellate Review of Sentences {¶ 15} In his second assignment of error, Sistrunk maintains that the trial court abused its discretion and deprived him of a meaningful right to appellate review because it failed to articulate any reasons for imposing his sentence. We note at the outset that he relies on cases that were decided before State v. *Page 7 Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912. Kalish set forth the standard for appellate review after Foster.
 {¶ 16} After Kalish, appellate courts review sentences by applying a two-prong approach set forth by the Ohio Supreme Court. See State v.Nolan, 8th Dist. No. 90646, 2008-Ohio-5595, _8. First, we must determine whether the sentence is clearly and convincingly contrary to law. Id. If it is not contrary to law, then we must decide if the sentencing court abused its discretion when sentencing the defendant. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 17} The plurality opinion in Kalish pointed out that "[i]nFoster, we severed the judicial-fact-finding portions of R.C. 2929.14, holding that `trial courts have full discretion to impose a prison sentence within the statutory range[.]'" Kalish at _1, quotingFoster at _100. In addition, trial courts "are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. In fact, the Ohio Supreme Court made it clear that "Foster does not require a trial court to provide any reasons in imposing its sentence." Kalish at _12.
 {¶ 18} The plurality opinion further explained that "[a]lthoughFoster eliminated mandatory judicial fact-finding for upward departures from the *Page 8 
minimum, it left intact R.C. 2929.11 and 2929.12. The trial court must still consider these statutes. State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, _38. `In addition, the sentencing court must be guided by statutes that are specific to the case itself.' Id. Furthermore, the trial court must still be mindful of imposing the correct term of postrelease control." Kalish at _13.
 {¶ 19} "R.C. 2929.11 and 2929.12 *** serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence. In considering these statutes in light of Foster, the trial court has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. Moreover, R.C. 2929.12
explicitly permits trial courts to exercise their discretion in considering whether its sentence complies with the purposes of sentencing. It naturally follows, then, to review the actual term of imprisonment for an abuse of discretion. *** Therefore, assuming the trial court has complied with the applicable rules and statutes, the exercise of its discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion pursuant to Foster." Kalish at _17.
 {¶ 20} It is clear, however, as reaffirmed by the plurality opinion inKalish, that "where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." Id. at _18, fn. 4. Despite the fact that courts do not have to state any reasons on the record, this court has held that Foster did not compromise a *Page 9 
defendant's right to a meaningful appellate review in any way. State v.Ruiz, 8th Dist. No. 90595, 2008-Ohio-6281, _18. This court must still ensure that a defendant's sentence is not "clearly and convincingly contrary to law" nor an abuse of discretion. Kalish, supra.
 {¶ 21} When sentencing Sistrunk, the trial court did not state any reasons on the record for imposing one year of prison. The trial court did, however, indicate that it took "into consideration" what Sistrunk's counsel placed on the "record in mitigation" on his behalf, as well as what the state presented. Further, in its judgment entry, the trial court further indicated that it considered all required factors of law and found that prison was consistent with the purposes of R.C. 2929.11.
 {¶ 22} Sistrunk's counsel informed the court that Sistrunk was not remorseful because he was adamant about his innocence in the case. He stated that Sistrunk "truly felt that he was the victim of being at the wrong place at the wrong time." He further informed the court that he believed Sistrunk "does suffer from some problems that leads [sic] him astray sometimes, as far as thinking is concerned."[1]
 {¶ 23} The state informed the court that Sistrunk had prior felony convictions for possession of cocaine, carrying a concealed weapon, and attempted drug possession. *Page 10 
 {¶ 24} The trial court sentenced Sistrunk to one year of prison on each count of drug possession, as statutorily authorized, and ordered that they be served concurrently. The trial court could have sentenced Sistrunk to eighteen months on the fourth degree felony drug possession and could have ordered the sentences be served consecutively, but did not. Based on the facts of this case, we do not find Sistrunk's sentence to be contrary to law nor an abuse of discretion.
 Sufficiency and Manifest Weight {¶ 25} Sistrunk's "statement" (see App. R. 16) of his third assignment of error is based entirely on manifest weight of the evidence. The authority he cites in support of this argument is also based on manifest weight of the evidence. But within his argument, he raises challenges to both the manifest weight and sufficiency of the evidence. Although we need not address both standards, in the interest of affording Sistrunk a full review, we will address them together as he raises them.
 {¶ 26} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact *Page 11 
could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 27} A challenge to the manifest weight of the evidence, however, attacks the credibility of the evidence presented. Thompkins, supra, at 387. Because it is a broader review, a reviewing court may determine that a judgment of a trial court is sustained by sufficient evidence, but nevertheless conclude that the judgment is against the weight of the evidence. Id., citing State v. Robinson (1955), 162 Ohio St. 486, 487.
 {¶ 28} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as a "thirteenth juror," and, after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Thompkins, supra, at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 29} The elements of the offense of drug possession are set forth in R.C. 2925.11, which provides: *Page 12 
 {¶ 30} "(A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 31} Sistrunk argues that there was insufficient evidence to prove that he possessed cocaine and PCP because "the officers did not check the area for additional suspects ***, nor did they investigate the suspicious circumstances surrounding [Sistrunk] being parked in the middle of the road slumped over." He further maintains that there was no evidence to support "the inference of knowledge" to convict him of drug possession.
 {¶ 32} R.C. 2925.22(B) defines the mental state of "knowingly" as follows:
 {¶ 33} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 34} The issue of whether a person charged with drug possession knowingly possessed, obtained, or used a controlled substance "is to be determined from all the attendant facts and circumstances available."State v. Teamer, 82 Ohio St.3d 490, 492, 1998-Ohio-193.
 {¶ 35} We find no merit to Sistrunk's arguments. After viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes were proven beyond a reasonable doubt. Nor do we find that the jury created a manifest miscarriage of justice by finding Sistrunk guilty of drug possession. *Page 13 
 {¶ 36} Indeed, an examination of the record reveals an overwhelming amount of evidence as to each and every element of the offenses of which Sistrunk was convicted. Both officers testified that they observed Sistrunk asleep in the vehicle, hunched over the steering wheel. When they opened the driver's door, they saw the first bag of crack cocaine in plain view on Sistrunk's lap. They found the other bag of crack cocaine in his front pants pocket and the PCP-soaked cigarette in his shirt pocket.
 {¶ 37} Accordingly, Sistrunk's third assignment of error is overruled.
 Ineffective Assistance of Counsel {¶ 38} Sistrunk raises several ineffective assistance of counsel arguments. He maintains that his trial counsel ignored his requests for a speedy trial, did not call any witnesses to support his alternative theory, did not explore inconsistencies that were apparent at trial, and did not present meaningful mitigation during sentencing.
 {¶ 39} To succeed on a claim of ineffective assistance, a defendant must establish that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. Strickland v.Washington (1984), 466 U.S. 668, 687; State v. Bradley (1989),42 Ohio St.3d 136. Counsel will be considered deficient only if his or her conduct fell below an objective standard of reasonableness.Strickland at 688. When reviewing counsel's performance, this court must be highly deferential and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. To establish resulting prejudice, a defendant must show that the *Page 14 
outcome of the proceedings would have been different but for counsel's deficient performance. Id. at 694.
 {¶ 40} In addition, because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Bradley at 142, citing Strickland at 694. Thus, a properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin (1988),37 Ohio St.3d 153, 155-56.
 {¶ 41} Although Sistrunk attempts to challenge several of his trial counsel's strategies throughout the trial and at sentencing, he fails to show how his trial counsel's performance was deficient. He argues that his counsel did not put forth any witness, but he fails to identify any witnesses who could have helped him at trial or even that there may have been witnesses who would testify on his behalf. He argues that his trial counsel failed to explore inconsistencies at trial, but he fails to point out what those inconsistencies were (and after a thorough review of the record, we do not find any inconsistencies at trial). He further argues that his trial counsel failed to present any evidence at sentencing to mitigate against prison, but he fails to offer what mitigating evidence there may have been. This court will not second-guess a licensed attorney's strategies at trial based upon bald accusations of a defendant.
 {¶ 42} Sistrunk also contends that his trial counsel was ineffective because he failed to listen to Sistrunk's "requests for a speedy trial." That is the extent of *Page 15 
Sistrunk's argument. He fails to explain how his speedy trial rights were violated. Absent that showing, we cannot find that he was prejudiced by his counsel's alleged failure to "listen" to his speedy trial requests. See State v. Pillow, 2d Dist. No. 07CA095,2008-Ohio-6046, _69.
 {¶ 43} Accordingly, Sistrunk's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., CONCURS; COLLEEN CONWAY COONEY, A.J., CONCURS IN JUDGMENT ONLY.
[1] Sistrunk was evaluated by the Cuyahoga County Court Psychiatric Clinic and found to be competent to stand trial, sane at the time of the act, and not suffering from a severe mental disease or defect. *Page 1