[Cite as *State v. Barkley*, 2013-Ohio-1545.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos.   98549, 98551, and 98552**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RUBEN BARKLEY

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-555009, CR-558789, and CR-554504

**BEFORE:**  Boyle, J., Stewart, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   April 18, 2013

**ATTORNEY FOR APPELLANT**

Patricia J. Smith
4403 St. Clair Avenue
The Brownhoist Building
Cleveland, Ohio   44103

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Katherine Mullin
        Mary H. McGrath
Assistant County Prosecutors
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Ruben Barkley, appeals his sentences in connection with three separate cases, raising the following single assignment of error:

> The trial court erred when it failed to make findings required by statute prior to imposing a prison term of consecutive sentences for the appellant's convictions of fourth and fifth degree felonies, therefore the sentence is contrary to law.

{¶2} Finding merit to the appeal, we reverse and remand for further proceedings.

Procedural History and Facts

{¶3} In October 2011, Barkley was indicted in Cuyahoga C.P. No. CR-554504 on the following four counts for events occurring on September 11, 2011: two counts of receiving stolen property, violations of R.C. 2913.51(A); misuse of credit cards, a violation of R.C. 2913.21(B)(2); and grand theft, a violation of R.C. 2913.02(A)(1). Barkley was also indicted in a separate case, Cuyahoga C.P. No. CR-555009, with a single count of unauthorized use of a motor vehicle, a violation of R.C. 2913.03(B), for his alleged use of a rental car, namely, a 2010 Audi, that he unlawfully kept beyond the rental period.

{¶4} In January 2012, pursuant to a plea agreement, Barkley ultimately withdrew his not guilty plea. In Case No. CR-554504, he pleaded guilty to a single count of grand theft, a fourth degree felony, and the remaining charges were dismissed. Barkley further pleaded guilty to the single charge of unauthorized use of a motor vehicle, a fifth degree

felony, in Case No. CR-555009, and the state moved to nolle a third case that Barkley had pending at the time, Case No. CR-554581.

{¶5} Following the acceptance of Barkley's guilty plea, the trial court ordered a presentence investigation report and deferred sentencing to a later date. While Barkley was out on bond and prior to sentencing, he was indicted in another case, Cuyahoga C.P. No. CR-558789, for forgery, a violation of R.C. 2913.31(A)(3), and theft, a violation of R.C. 2913.02(A)(1). In April 2012, Barkley pled guilty to forgery, a fifth degree felony, and the remaining count was dismissed.

{¶6} In May 2012, the trial court held the sentencing hearing. At the hearing, the trial court discussed the details of Barkley's presentence investigation report, including his extensive criminal record. The trial court noted that Barkley has "spent 22, the better part of 22 of the previous 24 years in the state penitentiary for crimes of various degrees of harm." In imposing consecutive sentences, the court further stated the following:

> While your first two cases were pending, you went out and committed a fraud on Gordon Food Service. * * * I've considered the purposes and the principles of our sentencing laws, I find that case 558789 was committed while awaiting trial and/or sentencing. In Cases 554504 and 555009, I find that your criminal history does demonstrate that consecutive terms are needed to protect the public.
>
> Despite being 58, again, you show no signs of slowing down. Heck, you have at least five felonies in the last decade alone, therefore, I'm going to impose the following sentences:
> On Case 554504, on the fourth-degree felony of grand theft, I will sentence you to 15 months at Lorain Correctional Institute [sic].

In Case 555009, on the F5 offense of unauthorized use of a motor vehicle, I will sentence you to 10 months at Lorain Correctional Institute [sic].

{¶7} The trial court ordered that each of the sentences be served consecutive to one another. Thus, the court imposed a total sentence of 37 months in prison for all three cases. The trial court also informed Barkley that he would be subject to a discretionary period of three years of postrelease control and ordered Barkley to pay restitution in the amount of $1,197.

{¶8} Barkley now appeals, challenging the trial court's imposition of consecutive sentences.

## Standard of Review

{¶9} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 7. Specifically, R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not an abuse of discretion. An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

## Consecutive Sentences

{¶10} In his sole assignment of error, Barkley contends that the trial court failed to comply with R.C. 2929.14(C) and make the necessary findings to support the imposition of consecutive sentences.

{¶11} R.C. 2929.14(C)(4) requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*

{¶12} In each step of this analysis, the statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). In making these findings, a trial court is not required to use "talismanic

words to comply with the guidelines and factors for sentencing." *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455 (Nov. 24, 2000). But it must be clear from the record that the trial court actually made the findings required by statute. *See State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998). A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999).

{¶13} Barkley acknowledges that the trial court made two of the required findings, but contends that the trial court failed to make any finding that consecutive sentences are not disproportionate to the seriousness of Barkley's conduct and to the danger he poses to the public.

{¶14} The "not disproportionate" finding essentially encompasses two parts: (1) seriousness of the offender's conduct, and (2) the danger the offender poses to the public. While we find that the trial court's discussion on the record was sufficient to satisfy the "not disproportionate" finding related to the danger that Barkley poses to the public, we agree with Barkley that the trial court failed to make any finding as to whether the imposition of consecutive sentences was not disproportionate to the seriousness of Barkley's conduct in the three underlying cases. Indeed, the trial court did not discuss Barkley's conduct in these cases. The only reference to any conduct was that Barkley "went out and committed a fraud on Gordon Food Service" while his first two cases were

pending. We find this insufficient to infer any disproportionate finding related to the seriousness of Barkley's conduct in each case.

{¶15} Thus, given the absence of this specific finding or any discussion of Barkley's conduct in these cases to infer such a finding, we are constrained to sustain this assignment of error. *See, e.g., State v. Jones*, 8th Dist. No. 98371, 2013-Ohio-489, ¶ 22-23 (defendant's conduct may well warrant consecutive sentences but the trial court's failure to articulate findings required remand); *State v. Matthews*, 8th Dist. No. 97916, 2012-Ohio-5174 (the record did not demonstrate that the trial court engaged in the required analysis and made the necessary findings for the imposition of consecutive sentences).

{¶16} Barkley's sole assignment of error is sustained. Judgment reversed and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MELODY J. STEWART, A.J., and
MARY EILEEN KILBANE, J., CONCUR