[Cite as *State v. May*, 2013-Ohio-2697.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99064**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KELLEN MAY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-557228

**BEFORE:** Rocco, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 27, 2013

-i-

**ATTORNEYS FOR APPELLANT**

Larry W. Zukerman
Richard L. Fenbert
Mark M. Jablonski
Zukerman, Daiker & Lear
3912 Prospect Avenue, East
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    James Hofelich
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, P.J.:

{¶1} After entering a guilty plea to one count of attempted felonious assault, defendant-appellant Kellen May received the maximum sentence of 36 months in prison. He now appeals from that sentence, arguing that the trial court failed to consider R.C. 2929.11 and 2929.12 and imposed a term that was disproportionate to the one his codefendant Deandre May received.

{¶2} Upon a review of the record, this court cannot find support for May's argument. Consequently, his sentence is affirmed.

{¶3} May originally was indicted in this case as a result of a drive-by shooting incident at a "deli" with two codefendants.  Seven counts of the eight-count indictment pertained to May and Deandre May, who is apparently his younger brother.

{¶4} The Mays both were charged with: 1) participating in a criminal gang; 2) and 3) felonious assault; 4) discharge of a firearm on or near prohibited premises; 6) improperly handling firearms in a motor vehicle; 7) vandalism; and 8) criminal damaging.  The felonious assault charges also contained 5-year, 3-year; and 1-year firearm specifications, a criminal gang activity specification, and a forfeiture of a weapon specification.  Counts 4 and 7 also contained 5-year, 3-year; and 1-year firearm specifications and a forfeiture of a weapon specification.

{¶5} Eight months later, the parties informed the trial court that they had arranged a plea bargain.  According to the prosecutor, in exchange for the May brothers' guilty pleas to Count 3 and their promises to testify truthfully against the remaining

codefendant, the state would amend Count 3 to include the attempt statute and the names of all the victims and to delete the criminal gang and firearm specifications, and the state also would dismiss all the other charges.

{¶6} The trial court conducted a thorough colloquy prior to accepting the brothers' guilty pleas. During the colloquy, May indicated he had dropped out of high school in the tenth grade. May's brother indicated he was three years younger, and he had just completed high school. Before concluding the proceeding, the trial court ordered the probation department to prepare presentence reports.

{¶7} When May's sentencing hearing took place, the trial court indicated it had reviewed the presentence report and asked May and his defense counsel to make statements. May told the court he had "learned [his] lesson" and was "sorry * * * for everything." His defense counsel pointed out that, although May had been the driver during the shooting, he had been cooperative with both the police and the prosecutor.

{¶8} The trial court began by noting that May had "an extensive record." The court further noted that May had violated his probation in his previous "domestic violence" case. At that point, the trial court asked "what gang" had been involved in the incident that led to May's current conviction, but when defense counsel reminded the court that the gang specifications had been dismissed, the court then asked how many persons were inside the deli when the shooting took place. The court stressed the fact that May had violated his probation in his earlier cases, asked May for a final comment, then sentenced him to serve 36 months in prison.

**{¶9}** According to the journal entry of sentence, "The Court considered all required factors of the law," and found "that prison is consistent with the purpose of R.C. 2929.11."

**{¶10}** May now appeals his sentence by presenting two assignments of error for this court's review.

> **I. The Trial Court erred when it sentenced the Appellant to the maximum possible prison sentence.**
>
> **II. The Trial Court abused its discretion in imposing a sentence of three (3) years imprisonment on Amended Count 3 as such a sentence is disproportionate to the sentences (sic) imposed by (sic) the other Co-Defendant D. May in the within matter and does not satisfy or comply with the principles and purposes of felony sentencing and/or RC 2929.11 and 2929.12.**

**{¶11}** May's assignments of error are interrelated and thus may be addressed together.   In them, May argues that the maximum sentence imposed upon him is contrary to law because the trial court failed to refer to either R.C. 2929.11 or 2929.12, and because his codefendant brother was sentenced to community control for the same conviction.   May asserts that, comparatively,

his sentence was disproportionately severe.[1]   The record fails to support May's arguments.

---

[1]The issue of proportionality was not raised in the trial court, in spite of the fact that

> "[t]his court has consistently held" that, in order to support a disproportionality argument on appeal, the defendant "must raise this issue before the trial court and present some evidence, however minimal, * * * to provide a starting point for analysis."

**{¶12}** This court has set forth alternative standards for review of felony sentences since the effective date of H.B. 86. *See, e.g., State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263, ¶ 6; *compare State v. Schmidt*, 8th Dist. No. 98731, 2013-Ohio-1552, ¶ 3; *State v. Davis*, 8th Dist. Nos. 97689, 97691, and 97692, 2012-Ohio-3951, ¶ 13 (Blackmon, A.J., concurring in judgment only). Recently, in *State v. Barkley*, 8th Dist. Nos. 98549, 98551, and 98552, 2013-Ohio-1545, this court quoted from R.C. 2953.08 as providing the relevant analysis.

**{¶13}** R.C. 2953.08(G)(2) provides that an appellate court's review of consecutive sentences is not whether there was "an abuse of discretion." Rather, an appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

---

*State v. Hominsky*, 8th Dist. No. 91961, 2009-Ohio-4029, ¶ 20, quoting *State v. Edwards*, 8th Dist. No. 89191, 2007-Ohio-6068.

Mays "avers," without raising it as an assignment of error, that the "failure to [raise this issue] was the direct result of the ineffective assistance of his trial counsel." This assertion is made in direct contravention of App.R. 16(A)(7); therefore, pursuant to App.R. 12(A)(2), this court will not further dignify it.

**{¶14}** Pursuant to R.C. 2929.11(A), the two primary purposes of felony sentencing remain "to protect the public from future crime by the offender and others and to punish the offender * * *." The trial court meets these goals by "using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Id.*

**{¶15}** In complying with the objectives set forth in R.C. 2929.11, the court must consider the seriousness and recidivism factors under R.C. 2929.12. *State v. Hussing*, 8th Dist. No. 97972, 2012-Ohio-4938, ¶ 28, citing *State v. Stone*, 3d Dist. No. 9-11-39, 2012-Ohio-1895, ¶ 10. However, R.C. 2929.11 and 2929.12 do not mandate judicial fact-finding, but direct the court to "consider" the factors. *State v. Sutton*, 8th Dist. No. 97132, 2012-Ohio-1054.

**{¶16}** This court, therefore, has refused to find that a sentence is contrary to law when, as in this case, it is in the permissible statutory range for the offense, and when, as in this case, the trial court's journal entry states that it has "considered all required factors of the law" and "finds that prison is consistent with the purpose of R.C. 2929.11." *State v. Turney*, 8th Dist. No. 91555, 2009-Ohio-964, ¶ 9; *State v. Grant*, 8th Dist. No. 94101, 2010-Ohio-5241, ¶ 22. This stance is based on the axiom that a court speaks through its journal entries. *Id.*, citing *State v. El-Berri*, 8th Dist. No. 92388, 2010-Ohio-146. Consequently, the argument May presents in his first assignment of error remains unpersuasive.

{¶17} May's assertion in his second assignment of error that the trial court "abused its discretion" by imposing the maximum term upon him, when the court gave his codefendant community control sanctions for the same offense, is similarly unsupported. The trial court had the benefit of the presentence reports for both men.

{¶18} The trial court thus became aware of May's active participation in the drive-by shooting, noted that May's criminal history demonstrated that, even as a juvenile, he numerous times had been engaged in illegal activity, some of which were crimes of violence, and believed May had not benefitted from leniency in the past. *State v. Hominsky*, 8th Dist. No. 91961, 2009-Ohio-4029, ¶ 19; *Grant*, at ¶ 25; *Turney*, at ¶ 11. The transcript of the plea hearing demonstrated that May's codefendant, on the other hand, was younger and more impressionable, did not actively participate in the offense, and showed promise of rehabilitation because he recently had graduated from high school.

{¶19} Although there is a statutory mandate for consistency in sentencing, "consistency does not require that identical sentences be imposed for co-defendants." *State v. Harder*, 8th Dist. No. 98409, 2013-Ohio-580, ¶ 7, and *State v. Drobny*, 8th Dist. No. 98404, 2013-Ohio-937, ¶ 7, both quoting *State v. Pruitt*, 8th Dist. No. 98080, 2012-Ohio-5418. Sentences should not be "one size fits all."

{¶20} In imposing sentence in this case, the trial judge carefully distinguished the different problems and potentials that May and his codefendant presented. This court, therefore, cannot find that the trial court's decision to impose the maximum term on May

is clearly and convincingly contrary to law as required by R.C. 2953.08(G)(2)(b). *Turney*, at ¶ 11.

**{¶21}** May's assignments of error, accordingly, are overruled.

**{¶22}** His sentence is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE
PATRICIA A. BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR