[Cite as *State v. Moore*, 2014-Ohio-819.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99788**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JOHN MOORE, JR.

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-392440-A

**BEFORE:** S. Gallagher, J., Stewart, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 6, 2014

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
4403 St. Clair Avenue
The Brownhoist Building
Cleveland, OH   44103


**ATTORNEYS FOR APPELLEE**

Heaven DiMartino
Special Prosecutor
Michael Cody
Assistant Prosecuting Attorney
Summit County Safety Building
53 University Avenue
Akron, OH    44308

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant John Moore, Jr., once again appeals his sentence, which was rendered in Cuyahoga C.P. No. CR-392440. Moore argues that the trial court disregarded the mandate of this court from a prior appeal at his resentencing, that the prosecuting attorney improperly encouraged the trial court to disregard our mandate, and that his sentence is contrary to law. Moore also argues that the trial court erred by failing to rule on his motion to correct errors in his presentence investigation report and by failing to merge allied offenses of similar import. For the following reasons, we affirm the decision of the trial court.

**{¶2}** This is the fourth appeal to this court stemming from Moore's convictions for aggravated robbery and kidnapping. A detailed recital of the procedural and appellate history of this case is unnecessary for the purposes of this appeal and has been extensively set forth by this court in *State v. Moore*, 2012-Ohio-1958, 970 N.E.2d 1098 ("*Moore III*").

**{¶3}** In *Moore III*, this court reversed Moore's 33-year prison term stemming from his convictions for one count of aggravated robbery and two counts of kidnapping, each with three-year firearm specifications. A majority of the panel in *Moore III* held that Moore's sentence was contrary to law because the trial court failed to consider whether the sentence was consistent with similarly situated offenders, but that his aggravated robbery and kidnapping convictions were not subject to merger as allied offenses at

sentencing.[1]  Moore's sentence was reversed in part, and the case was remanded to the trial court for resentencing for the limited purpose of reviewing a presentence investigation report, considering the consistency of the sentence with similarly situated defendants, and determining the appropriate sentence.  Upon remand, the trial court imposed prison terms of eight years for the aggravated robbery count and each kidnapping count.  The trial court ordered the three sentences to run consecutive to each other and consecutive to the mandatory three-year prison term for the firearm specification.  Moore's cumulative sentence, then, was reduced to 27 years.

{¶4} Moore appeals, raising five assignments of error.  In his second assignment of error, Moore contends the trial court erred by failing to correct inaccuracies in Moore's presentence investigation report.  We summarily find no merit to Moore's claim.  Upon the record presented, the trial court accepted every one of Moore's corrections to the inaccuracies contained in the report.  Moreover, there is no evidence the trial court relied on any of the inaccurate statements.  *See State v. Caudill*, 5th Dist. Ashland No. 06 COA 42, 2007-Ohio-6175, ¶ 21-22.  For this reason, Moore's second assignment of error is overruled.

---

[1]  In light of the fact that *Moore III* affirmatively addressed and overruled Moore's allied offense argument, we summarily find no merit to Moore's attempt to relitigate the allied offense issue through his fifth assignment of error.  The remand was limited to the review of Moore's sentence as it related to consistency with similarly situated offenders.

**{¶5}** Moore's first, third, and fourth assignments of error are each tied to the basic issue of whether Moore's sentence is contrary to law and contain interrelated legal questions.   The assignments of error are as follows:

> I.   The trial court committed reversible error by disregarding the mandate of the Court of Appeals in the within cause, where this Court vacated the 33-year sentence previously imposed, remanded the case for resentencing, and directed the trial court to conduct a proportionality analysis related to the sentences imposed on Appellant's codefendants and impose a sentence that was proportionate to the sentences meted out to his codefendants.

> III.   The clearly excessive sentence imposed by the trial court is contrary to law and constitutes an abuse of discretion and a denial of due process of law.

> IV.   Appellant was denied due process of law by the misconduct of the prosecuting attorney in (i) disparaging this Court's decision in *Moore III* and urging the trial court to disregard it; and (ii) urging the court to punish Appellant because he had exercised his constitutional right to trial.

**{¶6}** Moore first argues that the trial court ignored the directive of this court in *Moore III*, on remand, by failing to engage in a proportionality analysis pursuant to R.C. 2929.11(B).   Moore further argues that his sentence is contrary to law because of the trial court's failure to properly consider R.C. 2929.11(B).   Moore's arguments are without merit, although we agree with one aspect of Moore's brief:   "enough is enough."

**{¶7}** Before addressing the merits of Moore's appeal, we must address one important distinction lost in the forest of this case.   On remand, the trial court reduced Moore's individual sentences to eight years on each count.   Moore's aggregate sentence of 27 years is predicated on running his sentences for the individual counts consecutive to each other; and therefore, any concept of disproportionate sentencing is inherently

derived from either the consecutive sentencing review established by R.C. 2958.08 and 2929.14(C)(4) or the constitutional prohibition against cruel and unusual punishment, as determined by the Ohio Supreme Court in *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073. Moore has not advanced any such claims, and although he couched his brief in terms of proportionality review, such references seemingly treat "proportionality" synonymously with "consistency."

{¶8} It is important to note that although courts have minced consistency in sentencing, pursuant to R.C. 2929.11(B), with this constitutional or statutory concept of proportionality, derived from consecutive sentencing or the prohibition of cruel and unusual punishment review, it must be clarified that in this context, proportionality is not a creature of R.C. 2929.11(B) consistency analysis. *See, e.g., State v. Martin*, 8th Dist. Cuyahoga No. 96834, 2012-Ohio-1633, ¶ 13 (citing *State v. Chaffin*, 30 Ohio St.2d 13, 17, 282 N.E.2d 46 (1972), an Eighth Amendment cruel and unusual punishment case, in reviewing a felony sentence for consistency).

{¶9} The concept of proportionality, referring to the shocking to the sense of justice in the community standard, under the cruel and unusual punishment analysis, or disproportionate to the offender's conduct standard, under consecutive sentencing review, focuses on the offender's conduct as it relates to his crimes, and not to the sentences of other similarly situated offenders.[2] *Chaffin* at paragraph three of the syllabus ("[a]

---

[2] This is also true for any proportionality claim regarding whether the trial court considered whether the felony sentence was commensurate with the offender's conduct. R.C. 2929.11(B). The focus is on the offender's conduct, and not how other similarly situated offenders were sentenced.

punishment does not violate the constitutional prohibition against cruel and unusual punishments, if it be not so greatly disproportionate to the offense as to shock the sense of justice of the community"); R.C. 2929.14(C)(4) ("court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct").

{¶10} Nevertheless, even if Moore's proportionality claims raise the specter of a cruel and unusual punishment or consecutive sentencing claim, an appellate court cannot statutorily overturn consecutively imposed sentences, pursuant to the scheme provided in R.C. 2929.14(C)(4) or the prohibition against cruel and unusual punishment, unless the trial court failed to make the required findings or the defendant demonstrates that the findings are not clearly or convincingly supported by the record. In *Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, for example, the Ohio Supreme Court specifically overruled the defendant's argument that his 134-year consecutive sentence — imposed on the defendant's guilty plea to four counts of aggravated robbery, three counts of aggravated burglary, four counts of kidnapping, all with firearm specifications, and three counts of having a weapon while under disability — was "shocking to a reasonable person and to the community's sense of justice and thus is grossly disproportionate to the totality of his crimes." *Id.* at ¶ 15. In so holding, the court determined in the confines of consecutive sentencing and constitutional cruel and unusual review, that

"proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively." *Id*. at ¶ 20. Because each of the sentences were within the statutory range, the Ohio Supreme Court held that the 134-year sentence was constitutionally and statutorily firm.

**{¶11}** Moore received his 27-year aggregate sentence (8 + 8 + 8 on the felony charges and +3 for the gun specification) as a result of the court's imposition of consecutive sentences. According to the rationale advanced in *Hairston*, and because Moore failed to support his argument with any case authority or citations to the record to support the proposition that the aggregate sentence was disproportionate to his conduct, pursuant to App.R. 16(A), Moore's claims, if any, are overruled.

**{¶12}** As a result, the merits of Moore's argument are only appropriately reviewed under the auspices of whether the trial court's imposition of Moore's sentence was contrary to law because it failed to be "reasonably calculated to achieve the two overriding purposes of felony sentencing * * * and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). *State v. Thompson*, 8th Dist. Cuyahoga No. 99628, 2014-Ohio-202, ¶ 26 (acknowledging that the defendant was not disagreeing with the proportionality of his sentence; rather, the defendant was concerned with the length of his sentence as it related to other similarly situated offenders). R.C. 2929.11(B) mandates that trial courts consider the felony sentencing goal of imposing sentences consistent with those of similarly situated offenders. It does not create a requirement that similarly situated offenders receive sentences equal to

another offender's sentence or in lockstep with the defendant's own sense of culpability as it related to a codefendant. *State v. Pruitt*, 8th Dist. Cuyahoga No. 98080, 2012-Ohio-5418, ¶ 26; *State v. Barrett*, 2012-Ohio-3948, 974 N.E.2d 185, ¶ 38. Nor does it require a court to singularly review a codefendant's sentence imposed upon a plea deal to determine consistency. *Thompson*, 8th Dist. Cuyahoga No. 99628, 2014-Ohio-202, ¶ 26 (when codefendants accept plea bargains for reduced charges in exchange for agreeing to testify against a codefendant, those offenders are no longer "similar" offenders for purposes of R.C. 2929.11(B)).

{¶13} When reviewing a felony sentence, appellate courts must follow the standard of review set forth in R.C. 2953.08(G)(2),[3] which provides in relevant part as follows:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. * * *
> The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds:
>
> * * *

---

[3] We acknowledge that not all districts in Ohio are applying R.C. 2953.08(G)(2) to the exclusion of *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *See, e.g., State v. Tolle*, 4th Dist. Adams No. 13CA964, 2013-Ohio-5568, ¶ 22; *State v. Bellard*, 7th Dist. Mahoning No. 12 MA 97, 2013-Ohio-2956, ¶ 8. Even if we applied *Kalish*, however, a majority of the Ohio Supreme Court determined that abuse of discretion review only applies to challenges to the factors pursuant to R.C. 2929.12(B) through (D), and not challenges to the consistency of an offender's sentence compared to similarly situated offenders. *Id.* (Williamowski, J., concurring). Three justices applied the abuse of discretion standard to all felony sentence review of the factors, and three applied only the contrary to law standard. *Id.* In this regard, even under *Kalish*, the standard of review is limited to whether the sentence is contrary to law. *See id.*

(b) That the sentence is otherwise contrary to law.

Accordingly, by statute we cannot review Moore's sentence under an abuse of discretion standard, despite Moore's request to the contrary.

**{¶14}** We are limited to reviewing whether Moore's sentence is clearly and convincingly contrary to law under the overriding understanding that the sentencing range is determined by the legislature and any sentence imposed within that range, after considering all the sentencing factors, is presumptively valid. *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. A sentence, therefore, is not clearly and convincingly contrary to law where the trial court (1) considers the purposes and principles of sentencing under R.C. 2929.11, including consistency in sentencing; (2) considers the seriousness and recidivism factors listed in R.C. 2929.12; (3) properly applies postrelease control; and (4) sentences a defendant within the permissible statutory range. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 (determining that any given sentence cannot be contrary to law if the trial court considers R.C. 2929.11 and 2929.12).

**{¶15}** Moore claims the trial court abused its discretion by imposing the 27-year aggregate sentence. In support, Moore cites his codefendant Chaney's "9-year sentence" upon the same three counts for which Moore received a 27-year sentence and claims an aggregate five-year sentence is more appropriate in light of the fact the state offered Moore a plea deal involving a proposed five-year sentence and Chaney was more

culpable.[4]   Moore's arguments are premised on a misunderstanding of the goal of consistency in felony sentencing. In effect, Moore disagrees with the trial court's review of the sentencing factors contained in R.C. 2929.11(B) and specifically seeks a determination that the trial court abused its discretion in discounting the length of his codefendant's sentence and Moore's sense of his own culpability during the crime, when weighing all the other sentencing factors.   Moore simply labeled this review as one being contrary law; however, the impact he sought was to review the trial court's discretion in reviewing all sentencing factors, or more specifically, the trial court's decision to place greater weight on some factors to the exclusion of others.

{¶16} It is undisputed that Moore made the trial court aware of his codefendants' sentences and provided the court with the information regarding his relative culpability for the crime before Moore was sentenced.   The court also specifically considered all

---

[4]   Moore continually claims that a trial court imposed a nine-year sentence of imprisonment on Chaney for the same three crimes for which Moore was sentenced.   Moore ignores the fact that Chaney's nine-year concurrent terms for the three offenses related to Moore's case, were run consecutive to a ten-year sentence Chaney was serving on an unrelated case.   Chaney agreed to a global resolution of all his cases through a plea deal, permissible within the strictures of *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.   *See State v. Chaney*, 8th Dist. Cuyahoga No. 80496, 2002-Ohio-4020, ¶ 1. In essence, Chaney was sentenced to an aggregate term of 19 years by virtue of the trial court running the sentence for these three crimes consecutively to the unrelated ten-year sentence.   Moore wishes to review his aggregate sentence with that of Chaney's individual sentence of nine years in a vacuum.   The fact that the trial court in Chaney's case considered all of his other cases is no different than the trial court considering Moore's history for the purposes of imposing consecutive sentences.   *See id.*   While trial court judges impose individual sentences for specific counts in various cases, they are free to measure and consider consecutive sentences under the appropriate statutes; and when reviewing sentences, we cannot discount the true nature of the sentence with respect to the other cases.   Doing so would raise the risk of inconsistency in sentencing because courts would look at isolated sentences not encompassing the offender's true

sentencing factors pursuant to R.C. 2929.11 and 2929.12. Moore's arguments are overruled. We cannot review Moore's claim under the abuse of discretion standard as he implicitly seeks. This alone is dispositive of Moore's appeal, and we must affirm the trial court's decision.

{¶17} Nevertheless, Moore's sentence is not otherwise contrary to law. This court has consistently maintained that trial courts must only consider the objectives and factors provided in R.C. 2929.11 and 2929.12 because neither statutory provision mandates judicial fact-finding. *State v. May*, 8th Dist. Cuyahoga No. 99064, 2013-Ohio-2697, ¶ 15, citing *State v. Sutton*, 8th Dist. Cuyahoga No. 97132, 2012-Ohio-1054; *Foster* at ¶ 100. Courts are, therefore, only required to consider consistency of the imposed sentence with that imposed upon other similarly situated offenders, and accordingly, this court has refused to find that a sentence is contrary to law when the imposed sentence is in the permissible statutory range for the offense and the trial court states that it has "considered all required factors of the law" and "finds that prison is consistent with the purpose of R.C. 2929.11." *May* at ¶ 16, quoting *State v. Turney*, 8th Dist. Cuyahoga No. 91555, 2009-Ohio-964, ¶ 9.

{¶18} Further, it is important to reiterate that "consistency" is not synonymous with uniformity. *May* ("Although there is a statutory mandate for consistency in sentencing, consistency does not require that identical sentences be imposed for co-defendants."); *State v. Battle*, 10th Dist. Franklin No. 06AP-863, 2007-Ohio-1845, ¶

---

sentence.

24. In considering the consistency of sentences, courts must accept divergences within the statutory range of any given sentence, but take into consideration the relevant statutory factors. *State v. Hayes,* 10th Dist. Franklin No. 08AP-233, 2009-Ohio-1100, ¶ 8. Trial courts enjoy broad discretion to sentence offenders within the confines the statutory guidelines. *Foster* at ¶ 100.

{¶19} Logic dictates that Moore's reliance on Chaney's sentence as evidence that Moore's sentence is inconsistent with similarly situated offenders should be disregarded. Moore's position relies on an unwarranted assumption that his sentence was the aberrant one and Chaney's was the norm. The record on this appeal does not support this assumption. It is equally as likely that Chaney's sentence was the aberration and Moore received a sentence consistent with similarly situated offenders. Accepting this theory would be tantamount to cherry-picking low-end sentences for the purposes of consistency review.

{¶20} Further, Moore's view of consistency in sentencing would limit consistency analysis to codefendants' sentencing. Without giving reasons in sentencing entries, no court could review another court's sentencing decision for the purposes of determining whether the sentences meted out were consistent with sentences of other similarly situated offenders, in light of the myriad factors intertwining to form the final sentence. Only codefendants would have this benefit because the sentencing court would be aware of all the factors for each defendant.

**{¶21}** In other words, the court's consideration of all the sentencing factors may justify disparate sentences of similarly situated codefendants when the sentence is within the statutory ranges. In Ohio, this statutory goal of consistency has never been interpreted to mean that codefendants must receive equal sentences or sentences in proportion to their own sense of culpability. *Id.* Disparate sentences between codefendants do not render either sentence contrary to law. *State v. Georgakopoulos*, 8th Dist. Cuyahoga No. 81934, 2003-Ohio-4341, ¶ 26. Consistency among similarly situated offenders is a goal of felony sentencing, and more important, consistency review cannot be isolated to a single offender. By its nature, the goal is consistency among all offenders, not consistency with a single offender. "The legislature's purpose for inserting the consistency language contained in R.C. 2929.11(B) [was] to make consistency rather than uniformity the aim of the sentencing structure." *State v. Harder*, 8th Dist. Cuyahoga No. 98409, 2013-Ohio-580, ¶ 7, citing Griffin and Katz, *Ohio Felony Sentencing Law* (2001), 59.

**{¶22}** In fact, the Ohio Supreme Court noted that the legislature, in providing trial courts with the broad discretion to sentence offenders within certain sentencing ranges, curtailed the attainment of limiting disparities in felony sentencing. *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100. Practical realities reflect this notion. There are over 200 common pleas judges of the general division in Ohio meting out felony sentences. Consistency in felony sentencing, as defined by Moore, cannot co-exist with judicial discretion in sentencing within the ranges provided by the

legislature without the ability of reviewing the imposition of sentences under an abuse of discretion or de novo standard of review. For example, if the trial court sentences an offender within the guidelines and expressly considers all the statutory sentencing factors, no appellate court could overturn the sentence on consistency grounds. Any overruling of a sentencing decision would be a de facto determination that the trial court either abused its discretion in determining, or a de novo review would lead to a different conclusion, that the offenders are not similarly situated, or other sentencing factors should be weighed heavier to warrant a lighter sentence, based on the particular facts of the case. R.C. 2953.08(G)(2) expressly prohibits this type of "meaningful" review. It is not in the province of an appellate court to create a standard of review solely because the legislature prohibited any "meaningful" review.[5]

{¶23} Moore's entire argument rests on the presumption that his codefendant received a 9-year sentence for the same three offenses that culminated in Moore's 27-year sentence. The trial court must consider all sentencing factors, and not just the defendant's own sense of culpability for the crimes committed as compared to any codefendants. This is not to say that an offender's culpability is not a factor to be considered in sentencing; rather, it is the recognition of the commonsensical notion that

---

[5] We are left with the notion that without a requirement to provide reasons or findings, once a trial court provides the rote recitation that it considered all the statutory factors of R.C. 2929.11 and imposed a sentence within the sentencing ranges, any appellate review is, practically speaking, foreclosed. We must decline Moore's express attempt to shoehorn an abuse of discretion standard into the consistency review standard, in the attempt to create this type of "meaningful" review not provided by the statutory framework.

no one factor can override all other sentencing factors without a review of whether the trial court abused its discretion in weighing the sentencing factors pursuant to R.C. 2929.11 and 2929.12.

{¶24} In this case, the trial court considered all relevant factors to sentencing, was specifically made aware of Moore's codefendants' sentences, including Chaney's, and imposed a sentence within the statutory ranges. Moore's sentence is not, and cannot be deemed to be, contrary to law, and we cannot review the trial court's imposition of Moore's sentence under the abuse of discretion standard. Moreover, we specifically find that on remand, the trial court undertook the appropriate consistency review, and any proportionality claims, especially in regard to either the consecutive sentences or the constitutional prohibition against cruel and unusual punishment, were forfeited in light of Moore's failure to timely advance any such claim in this appeal. Moore's first, third, and fourth assignments of error are overruled.

{¶25} The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION;
EILEEN A. GALLAGHER, J., DISSENTS WITH SEPARATE OPINION


MELODY J. STEWART, P.J., CONCURRING IN JUDGMENT ONLY:

**{¶26}** I agree with Judge Sean Gallagher that the trial judge had full discretion to impose any sentence within the applicable statutory range for each particular felony count. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. The trial judge also had full discretion under R.C. 2929.14(C)(4) to order Moore to serve those counts consecutively, assuming that it made the required findings. Moore does not complain that the court's decision to impose consecutive sentences was contrary to law because it failed to make the required findings under R.C. 2929.14(C)(4), so his only remaining argument would be that the court abused its discretion by ordering him to serve his sentences consecutively. With R.C. 2953.08(G)(2) stating that our standard of review is not whether the trial judge abused his discretion, I believe that we simply have no authority to review the individual sentences (that admittedly are within the statutory range) or the decision to run them consecutively. *See State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 16.

{¶27} Moore's only viable argument in this appeal is that under R.C. 2929.11(B), the court failed to ensure that his sentence is consistent with the sentence given to his codefendant. Some appellate courts have taken the view that consistency in sentencing derives from the sentencing judge's application of the sentencing guidelines. *See, e.g., State v. Hayes*, 10th Dist. Franklin No. 08AP-233, 2009-Ohio-1100, ¶ 8; *State v. Dahms*, 6th Dist. Sandusky No. S-11-028, 2012-Ohio-3181, ¶ 22. Respectfully, that view appears more calculated to ensure consistency in the manner in which sentences are imposed rather than to ensure that actual sentences are consistent among similar offenders.

{¶28} Take for instance two similarly-situated codefendants to be sentenced at the same time by the same judge: they are equally culpable in jointly committing certain offenses and they have identical criminal records. The judge confirms that all required sentencing factors have been considered. The judge then imposes minimum, concurrent terms on one defendant; maximum, consecutive terms on the other. If the crimes are first-degree felonies, the difference between the sentences would be huge — one defendant would serve a total of three years; the other defendant would serve a total of 33 years. It is not difficult to conclude that the "consistent" application of the sentencing guidelines did not yield consistent sentences between these two similar offenders. While consistency does not dictate uniform sentences, it does act as a curb or safety-valve in ensuring that similar offenders receive similar treatment. With the legislative directive that the court use the minimum sanction available for punishment, *see* R.C. 2929.11(A),

we would have to presume that if the sentencing judge could find that a shorter sentence satisfied R.C. 2929.11(A) for one offender, all things being equal, that same sentence should apply to the other offender too.

{¶29} In this case, all things were not equal — Moore and his codefendant were not similar offenders for purposes of R.C. 2929.11(B). I reach this conclusion because Moore's codefendant agreed to plead guilty and testify against Moore in exchange for reduced charges. Our opinion in *Moore III* used language that implies that Moore, despite going to trial, was entitled to be sentenced along the same lines as a codefendant who pleaded guilty. This implication was improvident — a defendant who agrees to plead guilty and testify against a codefendant in exchange for reduced charges is not similarly-situated for purposes of sentencing. *See United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir.2006) (sentencing difference between codefendants is appropriate if it is justified by legitimate considerations, including cooperation with the government). *Moore III* inappropriately suggested that Moore was treated disparately because he was penalized for going to trial; when of course it can also be said that the codefendant was rewarded for pleading guilty. I have no doubt that had the codefendant gone to trial and been found guilty, he would have received a sentence at least as harsh as the sentence given to Moore.

{¶30} I therefore agree with the lead opinion that Moore has failed to show that he and his codefendant were similar offenders. That being the case, the differences in their two sentences were not the product of any inconsistency for  purposes of R.C.

2929.11(B) and therefore, any extended discussion of consistency review is beyond the scope of this appeal. There will no doubt come a time when we have to consider the intersection of consistency in sentencing and abuse of discretion, but not today and not in this case.

EILEEN A. GALLAGHER, J., DISSENTING:

{¶31} I respectfully dissent from the lead opinion. This case demonstrates an arguably irreconcilable conflict within the sentencing law in this state as aptly described in paragraph 22 of the lead opinion. The lead opinion presents a legitimate resolution to the conflict, albeit one with which I disagree. Faced with the competing mandates of judicial discretion and the requirements of R.C. 2929.11(B), I oppose the lead opinion's resolution in favor of the former because I find it effectively nullifies a trial court's statutory obligations under the latter.

{¶32} Our court's paradigm for reviewing felony sentences has shifted significantly since our decisions in *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, and *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, wherein we recognized R.C. 2953.08 as the controlling authority in sentencing review and discontinued abuse of discretion review under *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

{¶33} R.C. 2953.08(A) places strict limits on an appellate court's ability to review criminal sentences. In particular, R.C. 2953.08(G)(2) states that "[t]he appellate court's

standard for review is not whether the sentencing court abused its discretion." Consistent with this provision we have repeatedly held that the trial courts have "full discretion to sentence within the statutory range." *State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 16, quoting *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus.

{¶34} What remains is the contrary to law standard set forth in R.C. 2953.08(G)(2) under which this court may reverse where it "clearly and convincingly finds * * * that [a] sentence is otherwise contrary to law." Relying on *Kalish*, we have held that "a sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

{¶35} While I agree with the general rule as stated by *A.H.*, my reading of the case law suggests that R.C. 2929.11(B) is an exception to the rule. In my view, mere recitation by the trial court that it "considered" 11(B)'s consistency requirement does not preclude appellate review of the record under the contrary to law standard of R.C. 2953.08(G)(2). At least four judges in *Kalish* appeared to share my understanding of the mandatory nature of R.C. 2929.11(B). The dissent in *Kalish* stated:

> Because the sentencing duties of a trial judge involve much more than merely selecting a prison term within a statutory range, a sentence may be

challenged as "contrary to law" even if it is within a statutory range. While *Foster* did liberate judges from the requirement to make certain findings, it did not free judges from all other statutory requirements. R.C. 2929.11 and 2929.12 are written in mandatory terms.

*Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 59 (Lanzinger, J., dissenting).

{¶36} Judge Williamowski, concurring in judgment only, also indicated that the consistency of a sentence could be reviewed on appeal under the contrary to law standard of R.C. 2953.08(G):

> * * * [U]nder R.C. 2929.11, the court's consideration of the sentence could be reviewed under the clear-and-convincing-evidence standard. Just as appellate courts previously reviewed the evidence under R.C. 2929.14(B), (C), and (E)(4) under the clear-and-convincing-evidence standard specified in R.C. 2953.08(G), they can just as easily review any evidence introduced in support of, or in opposition to, R.C. 2929.11(B) as it relates to the seriousness of the crime and sentences imposed for similar offenses.

* * *

{¶37} In my view R.C. 2929.11(B) sets forth a requirement that a sentencing court impose a sentence that is consistent with sentences imposed on similar offenders for similar crimes. This court has previously held the same. *See*, *e.g.*, *State v. Lyons*, 8th Dist. Cuyahoga No. 80220, 2002-Ohio-3424, ¶ 30. ("We reiterate that [R.C. 2929.11(B)] requires a sentencing court to impose a sentence that is 'consistent with sentences imposed for similar crimes committed by similar offenders.'"); *State v. Harris*, 8th Dist. Cuyahoga No. 82037, 2003-Ohio-3952, ¶ 1 (stating that R.C. 2929.11(B) "requires the court to ensure that consistent sentences are imposed for similar offenders.").

**{¶38}** I agree with this court's recent statement of the law in *State v. Torres*, 8th

Dist. Cuyahoga No. 99596, 2013-Ohio-5030:

> If the record established that the trial court failed to ensure that [the
> Defendant's] sentence was "consistent with sentences imposed for similar
> crimes committed by similar offenders," then his sentence would be
> contrary to law. In determining this, however, we presume that "the
> sentence imposed by the trial court is correct absent evidence that it is
> clearly and convincingly contrary to law."

*Id*. at ¶ 84, quoting *State v. Sherman*, 8th Dist. Cuyahoga No. 97840, 2012-Ohio-3958, ¶

15.

**{¶39}** Consistent with *Torres*, I believe that the proper standard for analysis of

R.C. 2929.11(B) appeals is not abuse of discretion but rather whether the record

demonstrates that the offender's sentence is clearly and convincingly contrary to law.

**{¶40}** Furthermore, I find the lead opinion's holding to be at odds with the

numerous instances[6] where this court has rejected a defendant's argument that his

sentence was inconsistent under R.C. 2929.11(B) but he failed to present evidence below.

In such cases this court has oft repeated some variation of the following language:

> under R.C. 2929.11(B), a felony sentence must be "consistent with
> sentences imposed for similar crimes committed by similar offenders." To
> support a claim that a sentence is disproportionate to sentences imposed
> upon other offenders, a defendant must raise this issue before the trial court
> and present some evidence, however minimal, in order to provide a starting
> point for analysis and to preserve the issue for appeal.

---

[6]More than fifty cases by my count.

*See*, *e.g.*, *State v. Gibson*, 8th Dist. Cuyahoga No. 98725, 2013-Ohio-4372, ¶ 77; *State v. Wilson*, 8th Dist. Cuyahoga No. 99331, 2013-Ohio-3915, ¶ 15; *State v. Burt*, 8th Dist. Cuyahoga No. 99097, 2013-Ohio-3525, ¶ 39.

{¶41} The underlying implication of the statements of law in these cases is that where an offender *actually does* introduce evidence, he has preserved the issue for appeal and there is an analysis to be done. I find these cases to be in direct conflict with the lead opinion that would foreclose any such analysis the moment the trial court indicates that it considered the issue.

{¶42} I further disagree with the lead opinion's analysis of Chaney's sentence in this case. In regards to the criminal conduct at issue in this case, Moore and Chaney were convicted of the same offenses with the sole exception being that Moore had a three-year firearm specification and Chaney did not. This court previously stated in *Moore III* that Chaney received a nine-year sentence for the offenses he shared with Moore. The lead opinion, however, attributes a 19-year sentence to Chaney based upon the trial court ordering his sentence for the subject offenses to run consecutive to a 10-year sentence he received for wholly unrelated conduct. I disagree with the lead opinion's *assumption* that the trial court intended to sentence Chaney to a 19-year prison term for the conduct he shared with Moore and simply reached that result by imposing consecutive sentences for unrelated conduct. There is absolutely no indication in the record before us that this was the intent of the trial court. I constrain my analysis to the sentences imposed on Chaney for the offenses he shared with Moore. As such, I find

Chaney's sentence to be nine years for the purposes of R.C. 2929.11(B) consistency analysis.

{¶43} The 18-year difference between the sentences of Chaney and Moore cannot be explained by the three-year firearm specification, their remarkably similar criminal histories, or their respective conduct in this case for which the record reflects that Chaney's was more severe. Although the trial court's statements indicate that it considered consistency under R.C. 2929.11(B), its actions indicate that it did not. Therefore, I would find Moore's sentence to be clearly and convincingly contrary to law.

{¶44} Finally, it is worth noting a subtle point of law with which I am in agreement with the lead opinion, that being the impact of the Ohio Supreme Court's decision in *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, on R.C. 2929.11(B). In *Hairston*, the Court, in considering an Eighth Amendment challenge to a sentence, stated:

> [F]or purposes of the Eighth Amendment and Section 9, Article I of the Ohio Constitution, proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively. Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment.

*Id*. at ¶ 20.

{¶45} Although the lead opinion does not address the issue in depth, it declines to extend the holding in *Hairston* to consistency analysis under R.C. 2929.11(B) where consecutive sentences are involved. If we were to extend the rule of *Hairston* to a R.C.

2929.11(B) analysis then the statute would be rendered completely meaningless. Consider, for example, a hypothetical involving two identically situated defendants convicted of the same charges and with identical criminal histories and factors for consideration under R.C. 2929.11 and 2929.12. If *Hairston* were to apply here, a trial court could impose concurrent prison terms for one defendant and consecutive terms for the other resulting in dramatically different punishment. Any meaningful review by this Court would be barred by *Hairston*. R.C. 2929.11(B) would be stripped of any authority and be rendered null.

**{¶46}** I am not aware of any authority in Ohio law applying the holding of *Hairston* to an analysis under R.C. 2929.11(B). *Hairston* dealt with an Eighth Amendment constitutional challenge to an offender's cumulative sentence. Ohio cases that have considered a R.C. 2929.11(B) challenge to an offender's cumulative sentence stemming from consecutive sentences have not applied the rule in *Hairston* to limit R.C. 2929.11(B). *See*, *e.g.*, *State v. Gibson*, 8th Dist. Cuyahoga No. 98725, 2013-Ohio-4372, ¶ 74-80; *State v. Van Horn*, 8th Dist. Cuyahoga No. 98751, 2013-Ohio-1986, ¶ 26-31; *State v. Lewis*, 11th Dist. Lake No. 2012-L-074, 2013-Ohio-3974, ¶ 105-110; *State v. Smith*, 8th Dist. Cuyahoga No. 95243, 2011-Ohio-3051, ¶ 66-70; *State v. Berlingeri*, 8th Dist. Cuyahoga No. 95458, 2011-Ohio-2528, ¶ 11-14. For these reasons I find *Hairston* inapplicable to R.C. 2929.11(B).

**{¶47}** For the foregoing reasons I respectfully dissent. I would reverse Moore's sentence and remand for resentencing.